EDWARD S. HOSMER AND AUDREY HOSMER, D/B/A ED AND AUDREY'S RESTAURANT, APPELLANTS, v. DELIA AVAYU, RESPONDENT.

No. 12931

December 4, 1981

636 P.2d 875

[Rehearing denied February 22, 1982]

*Kelly Swanson,* Las Vegas, for Appellants.

*Marilyn Romanelli,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment granting a landlord's claim for rent and denying tenants' claim for damages for breach of covenant to repair the roof of the leased premises.

Appellants Edward and Audrey Hosmer (tenants) commenced this action against Delia Avayu, individually and as heir to the estate of Isaac Avayu, their landlord. They sought damages for breach of a covenant to repair the roof of the restaurant, the property under lease, and also for constructive eviction. Landlord answered and counterclaimed for unpaid rent.

Landlord moved for summary judgment on tenants' complaint and on landlord's counterclaim. The district judge viewed the tenants' action as one predicated solely on constructive eviction and held that the action was thus barred by tenants' failure to vacate the premises. The court granted summary judgment, therefore, in favor of landlord; the court also granted landlord's motion of summary judgment for rent due. Tenants appeal. We reverse.

### THE FACTS

In November of 1978, the tenants assumed an existing lease between Isaac Avayu and Mary Fiosco, not a party to this action. This lease was to continue in effect until May, 1979, and did not put the burden of major repairs on the lessee. Preliminary correspondence between the parties' counsel indicated a concern that the roof of the restaurant was in disrepair. Tenants stated that they would not enter into any lease agreement unless the landlord repaired the roof. Landlord, through counsel, agreed that the roof would be repaired.

Tenants took possession of the premises in November, 1978. They discovered that the roof had not been repaired. They immediately made demand upon the landlord to repair it. He assured them that it would be repaired within a few days. The repairs were never made.

At the same time that the tenants took possession, the parties executed a new lease, which was to become effective on June 1, 1979. The new lease did, in fact, place the burden of repairing the roof on the lessee. However, this lease was not yet in effect at the times relevant to this lawsuit.

Heavy rains caused serious leakage in the restaurant, resulting in damage to the tenants' supplies. The damage rendered the dining room of the restaurant unusable. The Las Vegas City Building Department ordered tenants not to use the dining room until the roof was repaired. It was partitioned off and not used again.

Tenants did not abandon the premises, but continued to operate their restaurant in the remaining usable portion of the building. Thereafter, they made repeated efforts to have the landlord repair the roof but their efforts met without success.

## THE SUMMARY JUDGMENT

1. Tenants' complaint stated a cause of action for breach of the covenant to repair the roof. This is a separate cause of action from constructive eviction. Although a tenant must abandon the leased premises in order to maintain constructive eviction as a cause of action or as a defense to the landlord's action for rent, Medical Multiphasic v. Linnecke, 95 Nev. 752, 602 P.2d 182 (1979), a tenant may nevertheless remain in possession and sue the landlord for breach of the lease. Guntert v. City of Stockton, 126 Cal.Rptr. 690 (Ct.App. 1976); Perry Properties v. Servico Protective Covers, Inc., 399 N.Y.S.2d 744 (App.Div. 1977). To hold otherwise would deprive the tenant of his right to retain his leasehold and enforce the lease covenants. For this reason it was error for the court to grant summary judgment against tenants on their claim for damages for breach of covenant to repair the roof.

2. Landlord's motion for summary judgment on her counterclaim for rent was not supported by any affidavits or other competent evidence. All that is attached to landlord's motion is a copy of a lease, not signed by the tenants. The

document does not comply with the provisions of NRCP 56(e).[1]

Tenants' answer denies every allegation of the counterclaim. It cannot be said, therefore, that the pleadings resolved all genuine issues of material fact; rather, they were put in issue. Since the motion for summary judgment was not supported by any competent evidence, it also was erroneously granted.

The judgment of the district court is reversed, and the cause is remanded for a trial on the merits.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and O'DONNELL, D. J.,[2] concur.

---

[1]NRCP 56(e) states, in part:

(e) *Form of Affidavits; Further Testimony, Defense Required.* Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . .

[2]The Governor designated the Honorable Thomas J. O'Donnell, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const., art. 6, § 4.